UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JESSIE MILTON,

      Plaintiff,

v.                                                              CASE NO. 6:10-cv-377-Orl-31DAB

LAURA FLECKENSTEIN,

      Defendant.

_____

## ORDER

      This case is before the Court on Plaintiff's Motion for Reconsideration (Doc. No. 33).

Plaintiff seeks reconsideration of this Court's January 5, 2011, Order dismissing the case

(Doc. No. 31).  This Court found Plaintiff failed to exhaust his administrative remedies for

his claims labeled First, Second, Fourth, Fifth, and Sixth Cause of Action.  *Id.* at 14-15.

Plaintiff argues that this Court "prematurely concluded that the Plaintiff did not exhaust

his administrative appeal grievance process with the Office of the Secretary" (Doc. No. 33

at 1).  Specifically, Plaintiff states that he did attempt to exhaust his claims by filing formal

grievances with two "superior officials," but when they did not respond to his grievances,

he was deterred in his grievance efforts and placed in fear of retaliation.  *Id.* at 2-3.  Plaintiff

contends that this fear of retaliation deterred him from filing an appeal with the Office of

the Secretary.  *Id.*

The Court's reconsideration of a prior order is an extraordinary remedy which must be used sparingly. *American Ass'n of People with Disabilities v. Hood*, 278 F.Supp.2d 1337, 1339 (M.D. Fla. 2003); *Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Authority*, 814 F.Supp. 1072, 1072 (M.D. Fla. 1993). A motion for reconsideration should raise new issues and not merely readdress previously litigated issues. *Taylor*, 814 F.Supp. at 1072. The Court has further stated:

> When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinnings upon which the decision was based. The movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.

*Id.* at 1072-73 (citations omitted).

Here, Plaintiff has not demonstrated that this Court should reconsider its prior Order and find that he exhausted his claims. Plaintiff argues, for the first time, that he did not file an appeal to the Office of the Secretary because he feared retaliation after his formal grievances went unanswered. The Eleventh Circuit has held that

> [A] prison official's serious threats of substantial retaliation against an inmate for lodging or pursuing in good faith a grievance make the administrative remedy 'unavailable,' and thus lift the exhaustion requirement as to the affected parts of the process if both of these conditions are met: (1) the threat actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the process; and (2) the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust.

*Turner v. Burnside*, 541 F.3d 1077, 1085 (11th Cir. 2008) (citing *Hemphill v. New York*, 380 F.3d 680, 688 (2d Cir. 2004)).

While the Court found that Defendant Fleckenstein's threat that she would have Plaintiff "locked up" was a threat that would deter a reasonable inmate of ordinary firmness from lodging a grievance, the Court does not find that failure of the Assistant Warden and Warden of Central Florida Reception Center to respond to formal grievances is such a threat that it would deter a reasonable inmate of ordinary firmness and fortitude from pursuing an appeal with the Office of the Secretary.  As this Court noted in its January 5, 2011, Order, although Plaintiff never received responses to his formal grievances, grievances must be pursued through to the final level, even where no response is received. *Williams v. McGinnis*, 57 F. App'x 662, 664 (6th Cir. 2003); *Bassett v. Callison*, Case No. 2:10-cv-539-KJN-P, 2010 WL 5393985, at *7 (E.D. Cal. Dec. 22, 2010).

While some courts have held that the failure to respond to a prisoner's grievance amounts to an indefinite delay that renders administrative remedies unavailable, *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005), the Florida Administrative Code sets forth what an inmate must do if staff fails to respond to a grievance.  Rule 33-103.011(4) states that if "expiration of a time limit at any step in the process" occurs before a response is received, this will "entitle the complainant to proceed to the next step of the grievance process." *See also Rosado v. Fessetto*, Case No. 9:09-cv-67 (DNH/ATB), 2010 WL 3808813, at *7 (N.D. N.Y. Aug. 4, 2010) (noting that New York regulations state that if a grievance is not decided within the time limits provided, an inmate may appeal to the next step).  Therefore, in order to fully exhaust his claims, Plaintiff was required to file an appeal with the Secretary of the Department of Corrections.

The Court concludes that Petitioner has failed to demonstrate sufficient grounds warranting reconsideration of the Court's prior Order. Accordingly, it is hereby **ORDERED** that Plaintiff's Motion for Reconsideration (Doc. No. 33) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida this 21st day of January, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 1/21
Jessie Milton
Counsel of Record